IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:20-CR-00168-BO

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | ORDER OF FORFEITURE |
| : | |
| CALVIN ROOSEVELT JOHNSON, JR. : | |

WHEREAS, the above-named defendant has pleaded guilty without the benefit of a written plea agreement to Counts One through Six of the Indictment, charging the defendant with offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 846, 856(a)(1) and 18 U.S.C. § 2;

AND WHEREAS, the government has filed a motion for entry of an Order of Forfeiture, showing unto the Court: that the defendant personally obtained at least $2,260.00 in proceeds from the offense, and that he made the proceeds unavailable as a result of his acts or omissions and one or more of the conditions to forfeit substitute assets exists, as set forth in 21 U.S.C. § 853(p);

NOW, THEREFORE, based upon the defendant's guilty plea, the points and authorities in the government's motion, and all of the evidence of record in this case, the Court FINDS as fact and CONCLUDES as a matter of law that there is a nexus between the property listed below and the offenses to which the defendant has pled guilty, and that the defendant has or had an interest in the property to be forfeited,

1

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The following property is forfeited to the United States pursuant to Fed. R. Crim. P. 32.2(b)(2) and 21 U.S.C. § 853(a):

   Forfeiture Money Judgment:

   a) A sum of money in the amount of $2,260.00, representing the gross proceeds personally obtained by the defendant as a result of the controlled substances offense(s) for which he has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p).

2. Pursuant to Fed. R. Crim. P. 32.2(b)(3) and 32.2(c)(1)(B), the United States is authorized to conduct any discovery pursuant to the applicable Federal Rules of Civil Procedure needed to identify, locate, or dispose of the above-referenced property, or other substitute assets, including depositions, interrogatories, requests for production of documents and for admission, and the issuance of subpoenas.

3. This Order constitutes a personal forfeiture money judgment against the defendant, therefore, the United States is not required to send or publish notice of same, as there is no specific property to be forfeited. However, this Order may be recorded in the records of the Clerk of Court in any county in which the defendant resides or has either real or personal property as a lien thereon. Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States may move to amend this Order at any time to forfeit other property in which the defendant has an interest, whether directly forfeitable or substitute assets, to satisfy this forfeiture money judgment in whole or in part; provided that the net proceeds of any forfeited assets shall be credited toward satisfaction of the judgment upon liquidation.

4. Upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is DIRECTED to incorporate a reference to this Order of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B). In accordance with Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at sentencing.

5. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED, this the 24 day of February, 2021.

*Terrence Boyle*
_ TERRENCE W. BOYLE
United States District Judge